## CORNELIUS BORDINE v. SARAH COMBS.
### In Error to the Middlesex Common Pleas.

In trover, the defendant pleaded specially a judgment, recovered by him against one Samuel Combs, and execution thereupon; that by virtue of that execution, the officer levied upon, and sold, and he the defendant bought at such sale, the mules in question; and then averred, that the said mules at the time of the levy, belonged to the said Samuel Combs, the defendant in execution. To this plea the plaintiff replied, that the mules at the time of the levy, were not the property of Samuel Combs, but that they were her own proper goods, and concluded to the country, and thereupon issue was joined. *Held,* that upon the trial of this issue, it was not necessary, that the defendant should produce the record; and that the Court of Common Pleas erred, in overruling the testimony of a witness which went to show the use and possession of the mules by Samuel Combs, and his acts of ownership over them, and the knowledge of the plaintiff that they were seized as his property, and that she was present at the sale, and neither forbid it, nor made any claim to the mules. Such evidence is *prima facie,* and until contradicted, sufficient evidence of the ownership of Samuel Combs.

Bordine *v.* Combs.

This was a writ of error to the Common Pleas of Middlesex. The case appears in the opinions delivered by the Judges.

*Blauvelt,* for plaintiff in error.

*C. L. Hardenbergh,* for defendant.

HORNBLOWER, C. J. This was an action on the case for trover and conversion of two mules. If the defendant had pleaded the general issue, he might under that plea, have given in evidence, not only his own title to the property in question, but any matter showing title out of the plaintiff. Instead however, of pleading the general issue, the defendant pleaded specially, a judgment recovered by him against one Samuel Combs, and execution thereon; that by virtue of that execution the officer levied upon and sold, and he, the defendant, bought at such sale the mules in question; and then averred, that the said mules, at the time of the levy, &c. belonged to the said Samuel Combs, the defendant in execution. To this plea the plaintiff replied, that the mules, at the time of the levy, &c. were not the property of the said Samuel Combs, but that they were her own proper goods, &c., and concluded to the country; whereupon issue was joined.

On the trial of the cause, the defendant, in support of the issue on his part, called Matthew Gileland, the Constable, who testified, that he levied upon and sold the mules in question, as the property of Samuel Combs; that at the time of the levy, and for eighteen months or two years preceding, the mules were in the possession of Combs; that he sometimes hired them out, and otherwise used and enjoyed them as his own; that the plaintiff was present at the sale, and did not set up any claim to the property, or make any objection to the sale thereof by the witness. After the witness had been cross examined, the plaintiff by her counsel, called upon the court to overrule all the evidence aforesaid, upon the ground that the defendant had failed to produce and read the record of judgment, execution, &c. set out in his plea; which motion the court sustained, and did overrule the evidence; and hereupon error is assigned.

The defendant's plea was manifestly bad; and amounted only to the general issue. 1 *Chitt. on Plead. New York edit. of*

1809, *fol.* 497, *and seq.* But as the plaintiff thought proper to reply to it, she must stand or fall by the issue she has tendered. In her replication, the plaintiff has not even protested against the existence of such judgment and execution as is set forth in the plea, (and if she had, it would have made no difference in this suit,) but says "*precludi non,* because the said pair of mules, at the time they were seized and levied upon, by the defendant, were not the property of the said Samuel Combs; therefore of his own wrong, &c. the defendant committed the grievances, &c. in manner and form, &c., and this the said plaintiff prays may be inquired of, &c. Thus, putting in issue only and distinctly, the title of Samuel Combs to the mules in question, at the time they were seized. Upon the trial of this issue, it was not necessary, that the defendant should produce the record; the only question was, whether the mules belonged to Samuel Combs, and the testimony of Gileland, at least so much of it, as went to show the use and possession of the mules by Samuel Combs, and his acts of ownership over them; and the fact that the plaintiff knew they had been seized as his property, that she was present at the sale, and neither forbid it, nor made any claim to the mules, was at least *prima facie,* and until contradicted, sufficient evidence of the ownership of Samuel Combs, and ought not to have been overruled. In doing so, the Court of Common Pleas committed an error, and the judgment must be reversed.

I do not recollect the point decided by this court at the last term, in the case of *Bastedo* v. *Van Dyke,* cited by the counsel for the defendant in error. But it certainly was not a case like this, in which the defendant by his replication has admitted the existence of the record set out in the plea; for such, I take to be the effect of this replication, according to the soundest and best settled rules of pleading. 1 *Chitt. Plead.* 500 *and seq.*

But be that as it may, whether there was or was not any such judgment and execution, was perfectly immaterial in this action. The judgment, execution, and levy were not, and could not be pleaded in bar, or in justification, by the defendant. In trover, the question is not whether the defendant came rightfully or lawfully to the possession of the property; that he

*did so*, is admitted by the very form of action. *Cooper* v. *Chitty*, 1 *Burr*. 21 and 31. The only question is, whether the defendant has wrongfully *converted* the plaintiff's property. Suppose therefore on the trial, the defendant had produced and read the record, and then proved that he had bought the mules at a Constable's sale; what effect could such evidence have had on the issue? It would not have proved *title* in the defendant, as against the plaintiff, nor disproved a *conversion* by him, if the property in fact belonged to the plaintiff.

The special pleadings in this case, have, after all, brought the parties precisely in my opinion, to the same issue, they would have reached, by the short plea of not guilty, and the common *similiter*. And if my brethren concur with me in reversing this judgment, I would recommend to the parties, before they go to trial again, to shorten the record, by substituting the plea of the general issue.

FORD, J. In the court below, Sarah Combs declared in trover for two mules. Cornelius Bordine, the defendant, pleaded specially, that he recovered a judgment in debt against one Samuel Combs; that execution thereof was levied on the said mules, as the said Samuel's property; that the constable sold them as such, under that execution, to the defendant at auction; and he avers, that at the time of the said levy and sale, they were the property of the said Samuel Combs. The plaintiff denied that they were Samuel's property, and the parties joined issue on this point. When they came to trial, the defendant below proved, in support of his issue, that for a year and more prior to the levy, Samuel Combs had possession of the mules and used them as his own, and relied on this as *prima facie* evidence of his right to them. The plaintiff did not deny his possession, but she moved to overrule the evidence, because there was no proof of the judgment or execution stated in the plea, and it was overruled by the court. This is the error assigned.

In the case of *Web* v. *Fox*, 7 *Ter. Rep.* 973, Ld. KENYON considers it as a perfectly settled principle, " that the possessor of personal property is *prima facie* the owner of it;" consequently Samuel Comb's possession was legal evidence, and it ought not

to have been overruled. The judgment and execution would have been necessary evidence, if the issue had been whether Bordine was the owner of the property, because they would have been parts of *his* title; but they were *no* parts of Samuel Combs's title; he did not claim under a judgment and execution against himself. The court either mistook the issue, or else they supposed *all* the facts in Bordine's plea, ought to be proved, whereas the replication admitted every fact therein, except the one that it traversed.

RYERSON, J. concurred.

*Judgment reversed.*